**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff and the Proposed Classes*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT FRIED, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRED LOYA INSURANCE AGENCY, INC.<br><br>Defendant. | Case No.: **'20 CV 2259 WQH BGS**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.* AND CALIFORNIA PENAL CODE §§ 632.7 *et seq.***<br><br>DEMAND FOR JURY TRIAL |

# INTRODUCTION

Plaintiff Albert Fried ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Fred Loya Insurance Agency, Inc. ("Fred Loya" or "Defendant"), in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA") and for recording telephone conversations with Plaintiff without consent, in violation of the California Invasion of Privacy Act, Cal. Pen. Code §§ 632.7 ("CIPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. The TCPA strictly forbids unsolicited telephone calls exactly like those alleged in this Complaint – intrusive phone calls to private cellular phone, placed to numbers obtained without the prior express consent of the recipients.

2. On the same privacy line, CIPA protect consumers from the unwanted invasion of privacy associated with having one's voice recorded without knowledge or consent.

3. Fred Loya's violations, calling without consent and recording those calls without consent, caused Plaintiff and members of the Classes to experience actual harm, included aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited phone calls and learning of recording one's voice without consent, as well as the violation of their statutory rights.

4. Plaintiff and members of the Classes suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendant's conduct, and is likely to be redressed by a favorable decision in this action.

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT

1
2
3
4

5.     Plaintiff seeks an injunction stopping Fred Loya from making unsolicited phone calls and illegally recording calls, as well as an award of statutory damages under the TCPA and CIPA, together with costs and reasonable attorneys' fees.

5

## **JURISDICTION AND VENUE**

6
7
8
9
10
11

6.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012). This Court has supplemental jurisdiction under U.S.C. § 1367, as the CIPA claims alleged herein are part of the same case or controversy as the TCPA claims.

12
13
14
15
16
17
18
19
20

7.     Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA and $5,000 in damages for each violation of the CIPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national TCPA class, which will result in at least one class member belonging to a different state than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

21
22
23
24

8.     The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District, and the conduct and events giving rise to the claims, mainly the receipt of the unsolicited and recorded phone calls by Plaintiff, occurred in this District.

25

## **PARTIES**

26
27

9.     Plaintiff Albert Fried is, and at all times mentioned herein was, a resident of the State of California, County of San Diego. He is, and at all times

28

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT

mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (39) and Cal. Penal Code § 623(b).

10.    Defendant Fred Loya's principal place of business is at 1800 North Lee Trevino, Suite 201, El Paso, Texas 79936, and is a "person" as defined by 47 U.S.C. § 153 (39) and Cal. Penal Code § 623(b).

## THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA") 47 U.S.C. §§ 227 *et seq.*

11.    In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

13.    According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *In Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014 (2003) ("2003 TCPA Order").

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT

14.    The TCPA makes it "unlawful for any person within the United States ... (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... (iii) to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

15.    "A person or entity" can bring a claim to recover the greater of actual damages or $500 for a violation of § 227(b)(1)(A)(iii). *Id.* § 227(b)(3). A court may award treble damages for a willful or knowing violation. *Id.*

16.    The TCPA defines "automatic telephone dialing systems" (ATDS) as follows: (1) The term 'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *See* Pub. L. No. 102-243, § 227, 105 Stat. 2394, 2395.

17.    "[T]he statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a "random or sequential number generator," but also includes devices with the capacity to dial stored numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018).

18.    Prior express consent is an affirmative defense on which Defendant bear the burden of proof.

19.    The type of consent required depends on the content of the message. As of October 16, 2013, if the message contains advertising or is telemarketing, the sender must have secured, prior to sending the message, the signature of the recipient in a written agreement that includes several specified disclosures. *See* 47 C.F.R. § 64.1200(f)(8); *see also In Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1837 ¶ 18, 1839 ¶ 20, 1858 ¶ 71 (2012) ("2012 FCC Order"). The express written consent must be signed and be sufficient to show the consumer received clear and conspicuous disclosure of the significance of

providing consent and must further unambiguously agree to receive future phone calls.[4]

## COMMON FACTUAL ALLEGATIONS

20.    Fred Loya makes promotional phone calls to consumers without having the necessary prior express written consent to do so in violation of the TCPA.

21.    Fred Loya makes these unsolicited advertising calls using equipment defined by 47 U.S.C. § 227 (a)(1) that has the capacity to store or produce telephone numbers, and to dial such numbers, without any need for human intervention.

22.    The TCPA was intended to give individuals control over how and where they receive phone calls to their wireless phone.  When Fred Loya makes phone calls to consumers without their consent, it fails to address or respect the limitations imposed by the TCPA.  In doing so, it takes control away from the consumers and violates both the spirit and the letter of the TCPA.

23.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

24.    With the passage of CIPA in 1967, California became a two-party consent state, which means that all parties to a telephone call must consent before their conversation can be recorded.  The statute was enacted for the explicit purpose of protecting privacy rights.

## FACTS SPECIFIC TO PLAINTIFF

25.    In or around the Summer of 2020, Plaintiff began receiving unsolicited phone calls to his wireless phone ending in -6277 from Fred Loya attempting to advertise insurance products.

26.    During at least one telephone conversation after being connected to a live representative of Defendant, Plaintiff advised that he was not interested in

---

[4] 2012 FCC Order at 1844 ¶ 13.

Defendant's insurance products and requested that Defendant take him off their list and cease all calls.

27.     However, despite revocation of any possible prior express consent to be contacted, Plaintiff received at least one additional call from Defendant to his wireless phone.

28.     The telephone number that placed the unsolicited telephone calls to Plaintiff is a number owned by Defendant.

29.     Unbeknownst to Plaintiff, the calls between Plaintiff and Defendant were recoded by Defendant without Plaintiff's knowledge or consent.

30.     Defendant did not warn Plaintiff that the calls between them would be recorded and Plaintiff never gave consent for the calls to be recorded.

31.     Plaintiff did not hear intermittent beeping sounds during the calls that may have alerted Plaintiff that the calls were being recorded.

32.     Plaintiff was completely unaware that Defendant was recording the calls.

33.     Reasonable California residents expect that their telephone communications are not being recorded in the absence of a call recording advisement of some kind at the outset of the telephone call/s, since call recording advisements given at the outset of telephonic communications with businesses are ubiquitous today.

34.     Due to the lack of a recording advisement at the outset of the telephone calls, Plaintiff reasonably believed and expected that Defendant was not secretly recording the telephone conversation with Plaintiff.

35.     The unsolicited phone calls placed to Plaintiff's mobile telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), which had the capacity to produce or store numbers randomly or sequentially, and to place phone calls to Plaintiff's cellular telephone by dialing such numbers.

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT

36.     The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

37.     These phone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38.     Plaintiff did not provide Defendant or its agents prior express written consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A) and/or has revoked any alleged prior express consent.

39.     The phone calls made by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

40.     Additionally, California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]". California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation and injunctive relief.

41.     This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

42.     Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded communications transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT

43.     Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversations with Plaintiff that the calls would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording.

44.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording telephone conversations with consumers, including inbound and outbound call with consumers.  Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

45.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had a policy and a practice of recording California consumers without providing any disclosure/s and/or warning/s as to said recording/s on its outbound and inbound calls.

46.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendant uses these devices to record each telephone conversation on said telephone lines.

47.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had all of its calls with the public, including those with California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

48.     Defendant's conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq.*

49.     Defendant concealed from Plaintiff, and similarly situated California residents, that Defendant was recording the telephone calls between itself on the one hand and Plaintiff and other similarly situated California residents on the other.

50.     Defendant concealed the fact that it was recording the phone calls to create the false impression in the minds of Plaintiff and similarly situated California residents that they were not being recorded. At the outset of the calls there was no warning that the calls were, or even may be, recorded.

51.     As a result, Plaintiff and the Classes have been damaged as set forth in the Prayer for Relief herein.

52.     Plaintiff seeks statutory damages for himself and the Classes and injunctive relief under 47 U.S.C. § 227 and California Penal Code § 637.2.

### TCPA CLASS ACTION ALLEGATIONS

53.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the TCPA Class").

Plaintiff represents, and is a member of the TCPA Class, consisting of all persons within the United States who received any unsolicited, promotional phone calls from Defendant or its agents on their cellular telephones through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3), which phone calls by Defendant or its agents were not made for emergency purposes or with the recipients' prior express written consent, within four years prior to the filing of this Complaint through the date of final approval.

54.     Defendant and its employees or agents are excluded from the TCPA Class. Plaintiff does not know the number of members in the TCPA Class, but believes members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

55.     Plaintiff and members of the TCPA Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and members of the Class via their cellular telephones by using unsolicited promotional phone calls, thereby causing Plaintiff

and members of the TCPA Class to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and members of the TCPA Class previously paid, and invading the privacy of said Plaintiff and the members of the TCPA Class. Plaintiff and the members of the TCPA Class were damaged thereby.

56.    This suit seeks only statutory damages and injunctive relief for on behalf of the TCPA Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

57.    The joinder of the members of the TCPA Class is impractical and the disposition of their claims in the TCPA Class action will provide substantial benefits both to the parties and to the Court.  The TCPA Class can be identified through Defendant's records or Defendant's agents' records.

58.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the TCPA Class predominate over questions which may affect individual members of the TCPA Class, including the following:

   a.  Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents made promotional phone calls without the recipients' prior express written consent to a Class member using any automatic telephone dialing system, to any telephone number assigned to a cellular telephone service;

   b.  Whether the equipment Defendant, or its agents, used to make the phone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

   c.  Whether the phone calls made by Defendant to the TCPA Class are considered advertising or promotional;

d.  Whether Defendant, or its agents, systematically made promotional phone calls to persons who did not previously provide Defendant with their prior express written consent to receive such phone calls;

e.  Whether Plaintiff and the TCPA Class were damaged thereby, and the extent of damages for such violation; and

f.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

59.   As a person that received at least one unsolicited phone call to his cellular telephone without prior express contest, Plaintiff is asserting claims that are typical of the TCPA Class.  Plaintiff will fairly and adequately represent and protect the interests of the TCPA Class in that Plaintiff has no interest antagonistic to any member of the TCPA Class. Plaintiff has retained counsel experience in handling class action and claims under the TCPA to further ensure such protection.

60.   Plaintiff and the members of the TCPA Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the TCPA Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual TCPA Class member's claims, few, if any, members of the TCPA Class could afford to individually seek legal redress for the wrongs complained of herein.

61.   A class action is a superior method for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of members of the TCPA Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal, especially given the burden and expense of individual prosecution of the complex litigation necessitated

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT

by Defendant's actions. Thus, it would be virtually impossible for the individual members of the TCPA Class to obtain effective relief from Defendant's misconduct. Even if members of the TCPA Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

62.    Defendant has acted on grounds generally applicable to the TCPA Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the TCPA Class as a whole.

## CIPA CLASS ACTION ALLEGATIONS

63.    Plaintiff also brings this action on behalf of himself and on behalf of all other similar situated ("the CIPA Class"). Because Plaintiff's cellular phone calls were recorded, the representative Plaintiff represents, and is a member of the CIPA Class he seeks to represent, persons whose cellular telephone calls were recorded by Defendant in the Class Period from one year prior to the filing of this Complaint through the date of trial, with the CIPA Class and Subclasses defined as follows:

**CIPA Class**: All individuals who, from one year prior to the filing of this Complaint through the date of trial, engaged in a telephone conversation with Defendant, its employees, agents or other persons working on Defendant's behalf, and were recorded by Defendant, its employees and agents, while engaging in such communication using a cellular telephone that includes a California area code (i.e., 209, 213, 310, 323, 408, 415, 424, 442, 510, 530, 559, 562, 619, 626, 650, 657, 661, 707, 714, 760, 805, 818, 831, 858, 909, 916, 925, 949, or 951).

**Subclass A**: All persons in the Class that were recorded on an "outbound call", that is, a call that was made by Defendant to the person or entity that was the call recipient.

**Subclass B**: All persons in the Class that were recorded on an "inbound call", that is, a call that was made to Defendant by the person or entity that made the call, prior to Defendant providing a warning on its telephone system that its calls would be recorded.

64.    Defendant, and its employees and agents are excluded from the CIPA Class. Plaintiff does not know the number of members in the CIPA Class, but believes the CIPA Class members number in the several thousands, if not more. Thus, this matter should be certified as a CIPA Class action to assist in the expeditious litigation of this matter.

65.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the CIPA Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the definition of the CIPA Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

66.    The joinder of the CIPA Class members is impractical and the disposition of their claims in the CIPA Class action will provide substantial benefits both to the parties and to the Court. The CIPA Class can be identified through Defendant's records and/or Defendant's agent's records

67.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the CIPA Class predominate over questions which may affect individual CIPA Class members, including, but not limited to, the following:

   a.  Whether Defendant has a policy of recording its calls;

b.  Whether Defendant discloses to California consumer/s and/or obtains their consent that Defendant's telephone conversations were recorded at the outset of the conversation;

c.  Whether Defendant recorded its telephone conversations with persons in California while those persons were on a cellular telephone;

d.  Whether Defendant's policy of recording all of its calls without the required call recording disclosure constituted a violation of California Penal Code § 632.7;

e.  Whether Defendant should be enjoined from engaging in such conduct in the future; and,

f.  Whether Plaintiff and CIPA Class members are entitled to any other relief.

68.  Plaintiff is asserting claims that are typical of the CIPA Class because every other member of the CIPA Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

69.  Plaintiff will fairly and adequately represent and protect the interests of the CIPA Class in that Plaintiff has no interests antagonistic to any member of the Class. Plaintiff has retained counsel experienced in handling class actions and claims under CIPA to further ensure such protection.

70.  Plaintiff and the members of the CIPA Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the CIPA Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual CIPA Class members' claims, few CIPA Class members could afford to seek legal redress for the wrongs complained of herein.

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT

71.   A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of the CIPA Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class actions.

72.   Defendant has acted on grounds generally applicable to the CIPA Class.

73.   Californians have a constitutional right to thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the CIPA Class as a whole.

## COUNT 1

### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

74.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75.   Each such promotional phone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  These promotional phone calls were made without the prior express written consent of the Plaintiff and other members of the TCPA Class.

76.   Defendant made unauthorized promotional phone calls using an automatic telephone dialing system to the cellular telephone number of Plaintiff and the other members of the TCPA Class without their prior express written consent.

77.   The foregoing acts and omissions of Defendant and its agents constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

15

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT

78.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**79.**     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 2

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

80.     Plaintiff incorporates by reference paragraphs 1-73 of this Complaint as though fully stated herein.

81.     Each such promotional phone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  These promotional phone calls were made without the prior express written consent of the Plaintiff and other members of the TCPA Class to receive such telephone calls.

82.     The foregoing acts and omissions of Defendant constitutes multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

83.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the TCPA Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

84.     Plaintiff and the TCPA Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT

## COUNT 3

### UNLAWFUL INVASION OF PRIVACY

### CALIFORNIA PENAL CODE § 632.7

85.     Plaintiff incorporates by reference paragraphs 1-73 of this Complaint as though fully stated herein.

86.     Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. Thus, California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation. *See Kearney v. Salmon Smith Barney, Inc.*, (2006) 39 Cal. 4th 95, 125.

87.     California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party, where a cellular telephone is involved. Cal. Pen. Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Cal. Pen. Code § 632.7 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

88.     Plaintiff is informed and believes and thereupon alleges that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

17

89.     Plaintiff is informed and believes and thereupon alleges that all these devises were maintained and utilized to record each and every one of Defendant's telephone conversations over said telephone lines.

90.     Said recording equipment was used to record Defendant's telephone conversations with Plaintiff and the members of the CIPA Class, all in violation of California Penal Code § 632.7.

91.     Defendant or any employees, agents, managers, officers, or directors of Defendant, and any other person, failed to inform Plaintiff or any other member of the CIPA Class, at the outset of Defendant's telephone conversations, that the recording of the telephone conversations were taking place, and at no time did Plaintiff or any other member of the CIPA Class consent to this activity.

92.     If any consent and/or disclosure were given, such disclosure/s and/or consent was not at the inception of the call/s.

93.     Defendant, knowing that it was unlawful and a violation of Plaintiff's and CIPA Class members' right to privacy and a violation of California Penal Code § 630, *et seq.*, intruded on Plaintiff's and CIPA Class members' right to privacy by intentionally engaging in recording activities relative to the telephone conversations between Plaintiff and the CIPA Class on the one hand, and Defendant on the other hand, as alleged herein.

94.     Based on the foregoing, Plaintiff and the members of the CIPA Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

95.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the CIPA Class seek recovery of their attorneys' fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class the following relief against Defendant:

### FIRST COUNT FOR NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

96.    As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and TCPA Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

97.    Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

98.    As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each TCPA Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

99.    Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

### THIRD COUNT FOR UNLAWFUL INVASION OF PRIVACY
### CALIFORNIA PENAL CODE § 632.7

100.    As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of Cal. Pen Code § 637.2(a), Plaintiff seeks for himself and each CIPA Class member the greater of $5,000.00 for each and every violation or three times actual damage per violation, pursuant to Cal. Pen Code § 637.2(a).

101.    Pursuant to California Penal Code § 637.2(a), injunctive relief prohibiting such conduct in the future

102.   Any other relief the Court may deem just and proper including attorney fees and costs.

* * *

103.   Any other relief the Court may deem reasonable, just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all phone records, recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of phone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

Dated:  November 19, 2020

*s/ Ronald A. Marron*
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS M. WOOD
KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006

20

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT

1

Facsimile: (619) 564-6665

2

***Attorneys for Plaintiff***
***and the Proposed Classes***

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Fried v. Fred Loya Insurance Agency, Inc.*
CLASS ACTION COMPLAINT